IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN RE PORT OF WILMINGTON GANTRY CRANE LITIGATION | § § No. 293, 2020 § § Court Below: Superior Court § of the State of Delaware § § C.A. No. N17C-12-339 PRW § CCLD |

Submitted: September 29, 2020
Decided:    November 12, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the documents attached thereto, it appears to the Court that:

(1)     The appellant, Kocks Krane GmbH ("KKG"), has petitioned this Court, pursuant to Supreme Court Rule 42, to accept an appeal from the Superior Court's opinion and order dated August 20, 2020 (the "August 20 Decision"), which denied KKG's motion for partial summary judgment and entered a partial judgment for the Delaware Department of Labor ("DDOL").   The consolidated litigation in the Superior Court is a complex commercial dispute arising from the purchase and installation of gantry cranes and associated equipment at the Port of Wilmington, a project for which KKG was the primary contractor.  KKG's request for interlocutory review concerns the validity of a DDOL order directing the Diamond State Port

Corporation ("DSPC") to withhold payments from KKG for work completed on the project, based upon DDOL's allegations that certain of KKG's subcontractors had violated Delaware's Prevailing Wage Law when paying their workers.[1]

(2)     DSPC oversees the Port of Wilmington. DSPC and KKG are parties to a contract for the installation of the gantry cranes and other equipment at issue in the Superior Court litigation. KKG subcontracted with various third parties, including Industrial Crane Services, Inc. ("ICS"), to assist with the fulfillment of the contract. ICS further subcontracted with others, including Romar Offshore Welding Services, LLC ("Romar").

(3)     In August 2017, DDOL ordered DSPC to withhold payments that would otherwise be due to KKG, based upon DDOL's determination that ICS and Romar had failed to pay certain of their employees prevailing wages as required under the Prevailing Wage Law. DDOL later revised the amounts of the purported deficiencies and added penalties that DDOL claimed that either ICS or KKG owed. Ultimately, on March 29, 2019, DDOL ordered DSPC to withhold $1,506,843.60 from KKG based upon DDOL's various claims.

(4)     KKG brought a declaratory judgment action against DSPC, DDOL, and the Secretary and the Enforcement Supervisor of DDOL, in their official capacities. In the action, KKG sought a declaratory judgment that (i) the Prevailing Wage Law

---

[1] 29 *Del. C.* § 6960.

does not authorize DDOL to direct DSPC to withhold payments owed to KKG because the subcontractors, and not KKG, are the "employers" of the allegedly underpaid workers under the statute; and (ii) the Secretary and the Enforcement Supervisor of DDOL, acting in their official capacities, violated KKG's due-process rights. DDOL asserted a counterclaim against KKG, in which it alleged that KKG is liable to ICS's and Romar's workers for the deficiencies in their wages, as well as for certain civil penalties. The declaratory judgment action was consolidated with other litigation relating to the project.

(5) KKG moved for summary judgment on its claim that the Prevailing Wage Law does not authorize DDOL to direct DSPC to withhold payments owed to KKG. In the August 20 Decision, the Superior Court denied KKG's motion for summary judgment on that claim and granted summary judgment to DDOL. The court interpreted the Prevailing Wage Law and determined that the statute authorized DDOL to direct the withholding of payments from KKG for wages owed to the subcontractors' workers. KKG also sought summary judgment on the counterclaim "to the extent it seeks money for underpayment of wages to employees of third parties." The August 20 Decision denied that motion, instead awarding summary judgment to DDOL on its counterclaim, "except to the extent that [the counterclaim]

3

seeks recovery for KKG's alleged direct administrative violations of" the Prevailing Wage Law.[2]

(6)     KKG asked the Superior Court to certify an interlocutory appeal.  It argued that the August 20 Decision determined a substantial issue of material importance[3] because the issues are important to the parties and to primary contractors in general.  KKG argued that the August 20 Decision decided an issue of first impression in Delaware[4] relating to the construction and application of a Delaware statute[5]—namely, the meaning of "the employer" as used in the Prevailing Wage Law and the authority of DDOL under the statute to order withholding from a primary contractor for the wage deficiencies of a subcontractor.  KKG also argued that interlocutory review would serve considerations of justice[6] because the harm of wrongful withholding will not be meaningfully remedied in a final order.  KKG also contended that a determination that the Superior Court incorrectly interpreted the Prevailing Wage Law would effectively terminate the action,[7] but it acknowledged that (i) the portion of DDOL's counterclaim relating to the administrative violations would remain for resolution, and (ii) the dispute at issue in the request for

---

[2] *In re Port of Wilmington Gantry Crane Litig.*, 2020 WL 4932337, at *1 (Del. Super. Ct. Aug. 20, 2020).

[3] DEL. SUPR. CT. R. 42(b)(i).

[4] *Id.* R. 42(b)(iii)(A).

[5] *Id.* R. 42(b)(iii)(C).

[6] *Id.* R. 42(b)(iii)(H).

[7] *Id.* R. 42(b)(iii)(G).

interlocutory appeal is part of a consolidated litigation that involves multiple other parties and claims and which would not be terminated by an interlocutory appeal.

(7)    The Superior Court denied the application for certification.[8]    It determined that the August 20 Decision decided a substantial issue of material importance because it related to the merits of a portion of the litigation and, as a result of the order, KKG's "immediate rights to payment of certain public works contract funds had been diminished."[9]  The court agreed with KKG that the "decision involved an issue of first impression related to the construction and application of a Delaware statute."[10]  But the court determined that it had "merely applied the plain meaning of certain language of the [Prevailing Wage Law] that has been in existence for more than 25 years, and apparently has been heretofore without contest" and that "because no other Delaware court has applied the [Prevailing Wage Law] in a contrary manner, KKG's claim presents no unsettled question requiring immediate resolution by the Supreme Court."[11]  The court also determined that interlocutory review would not terminate the consolidated, multiparty litigation as a whole, or even fully resolve the dispute between KKG and DDOL.  Thus, the court concluded that interlocutory review would merely delay and increase the cost of litigation and

---

[8] *In re Port of Wilmington Gantry Crane Litig.*, 2020 WL 5757344 (Del. Super. Ct. Sept. 28, 2020).
[9] *Id.* at *2.
[10] *Id.* at *3.
[11] *Id.*

5

would not serve considerations of justice.[12]  The court therefore refused to certify the interlocutory appeal.

(8)   We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[13]  In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[14] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[15]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[12] *Id.* at *3-4.
[13] DEL. SUPR. CT. R. 42(d)(v).
[14] *Id.* R. 42(b)(ii).
[15] *Id.* R. 42(b)(iii).